1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11
12

ARMANDO A. MARROQUIN, CARPIO,

                    Plaintiff,

13

        v.

14

CHIEF COUNSEL, DHS-ICE, et al.,

15

                    Defendants.

16

NO.  EDCV 17-2030-DDP (AGR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended

18   Complaint, the Report and Recommendation ("Report") of the United States

19   Magistrate Judge, the objections, the response to the objections, and the records on

20   file.  The Court accepts the findings and recommendation in the Report.

21          Plaintiff's objections are without merit.  Plaintiff argues that the Report

22   incorrectly categorized him as a "prisoner on civil detention."  (Obj. at 2-3.)  On the

23   contrary, the Report correctly noted that Plaintiff was in civil immigration detention

24   during the relevant time period.[1]  (Report at 7.)  Plaintiff further argues that he no

25   longer has his legal documents and that the magistrate judge incorrectly denied his

26   motion for an order to obtain evidence in ICE's possession at the Alabama facility.

27   (Obj. at 1-2.)  After briefing on Plaintiff's motion, the magistrate judge issued an order

28

_____

[1]  Plaintiff was deported on October 28, 2019.  (Report at 3.)

1   on June 12, 2020 denying Plaintiff's motion based on the Certificate of Disposal of

2   Plaintiff's property at the Gadsden, Alabama facility dated  April 21, 2020.[2]  (Order,

3   Dkt. No. 101 at 2-3; *see* Certificate of Disposal, Exh. 1 to Opp., Dkt. No. 100-1.)

4   Plaintiff did not file any objections to the June 12, 2020 Order.  More importantly, the

5   legal deficiencies in Plaintiff's claims that are being dismissed do not depend on

6   documentation and could not be cured by additional documentation.

7        Plaintiff contends that the Report erred in concluding that he cannot maintain a

8   *Bivens* action against the defendants who work for a private corporation, GEO Group

9   Inc., that operates the ICE detention facility where he was housed.  (Obj. at 3.)

10   Plaintiff has not identified any error in the Report's legal analysis.  (Report at 7-17.)

11   Moreover, the Court notes that subsequent events belie Plaintiff's contention that the

12   denial of access to the law library hindered his ability to obtain an vacation of his

13   criminal convictions in state court.  After issuance of the Report, the California Court

14   of Appeal denied Plaintiff's motion to set aside his prior convictions for continuous

15   sexual abuse of his daughter, a child under the age of 14; criminal threat; and willful

16   infliction of corporal injury on spouse or cohabitant.  Plaintiff was represented by

17   counsel on appeal.  *People v. Marroquin*, 2020 Cal. App. Unpub. LEXIS 7596 (Nov.

18   18, 2020).

19        Plaintiff further argues that the magistrate judge failed to take into account the

20   impact of Covid-19 on his ability to prepare objections.  (Obj. at 4.)  On the contrary,

21   the magistrate judge granted extensions of time totaling five months in light of the

22   difficulties presented by Plaintiff's deportation and the Covid-19 pandemic.  (Orders,

23   Dkt. Nos. 101, 103, 105.)  In his last request for an extension of time, Plaintiff

24   indicated he planned to go to Mexico and anticipated having internet access there.

25   (Dkt. Nos. 104-105.)  Plaintiff subsequently filed objections.

26

27        [2]  The Report noted that Plaintiff's attorney in an Arizona action advised Plaintiff to
pay for shipment of the documents at the Alabama facility by December 30, 2019

28   because ICE would not hold on to the documents much longer.  (Report at 1; Exh. A to
Motion, Dkt. No. 91 at 4; *see Marroquin v. Fernandez-Carr*, CV 16-1667 DGC (D. Az.).)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's remaining objections are without merit. The Ninth Circuit's recent decision in *Boule v. Egbert*, 2020 U.S App. LEXIS 36559 (9th Cir. Nov. 20, 2020), does not alter the Report's conclusion as to Plaintiff's First Amendment claims. (Report at 13-15, 22.)

IT IS ORDERED that Defendants' motion to dismiss the First Amended Complaint is granted as follows:

1.  The motion to dismiss filed by Defendants Warden Allen, Assistant Warden Semaia, Lieutenant Reveterian, Lieutenant Doran, Captain Dutcher, Chief of Security Johnson, and Law Library Clerk Williams ("GEO Defendants") is granted without leave to amend. All claims against these defendants and Dr. Medrano are dismissed without leave to amend.

2.  The motion to dismiss filed by former Attorney General Barr, Albence, Homan, Hamm, Russi and Valdez ("Federal Defendants") is granted. All official capacity claims are dismissed without leave to amend.

3.  The individual capacity claims against the Federal Defendants are dismissed as follows:

    a.  The medical care claims against Defendants Barr, Homan and Albence, and the First Amendment and conditions of confinement claims against all Federal Defendants are dismissed without leave to amend.

    B.  The medical care claims against Defendants Hamm, Russi and Valdez are dismissed with leave to file a Second Amended Complaint alleging the medical care claims against Defendants Hamm, Russi and Valdez in accordance with the legal standards in the Report within 30 days after entry of this order.

If Plaintiff chooses to file a Second Amended Complaint as described above, it must be filed within 30 days after entry of this Order, it must bear the docket number

assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to a prior complaint, attachment, pleading or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank civil rights complaint form.

**Plaintiff is advised that if he fails to file a timely Second Amended Complaint as described above within 30 days after the entry of this order, this action may be dismissed.**

DATED: March 23, 2022

_____
DEAN D. PREGERSON
United States District Judge