JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO A. MARROQUIN CARPIO,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF COUNSEL, DHS-ICE et al,<br><br>Defendants. | NO. EDCV 17-2030-DDP (AGR)<br><br>ORDER OF DISMISSAL |

In this civil rights action, on March 23, 2022, the Court dismissed Plaintiff's First Amended Complaint with leave to file a Second Amended Complaint within 30 days after entry of the order. The Court granted Defendants' motion to dismiss the First Amended Complaint as follows:

1. The motion to dismiss filed by Defendants Warden Allen, Assistant Warden Semaia, Lieutenant Reveterian, Lieutenant Doran, Captain Dutcher, Chief of Security Johnson, and Law Library Clerk Williams ("GEO Defendants") is granted without leave to amend. All claims against these defendants and Dr. Medrano are dismissed without leave to amend.

2. The motion to dismiss filed by former Attorney General Barr,

        Albence, Homan, Hamm, Russi and Valdez ("Federal Defendants") is granted. All official capacity claims are dismissed without leave to amend.

    3.    The individual capacity claims against the Federal Defendants are dismissed as follows:

        a.    The medical care claims against Defendants Barr, Homan and Albence, and the First Amendment and conditions of confinement claims against all Federal Defendants are dismissed without leave to amend.

        b.    The medical care claims against Defendants Hamm, Russi and Valdez are dismissed with leave to file a Second Amended Complaint alleging the medical care claims against Defendants Hamm, Russi and Valdez in accordance with the legal standards in the Report within 30 days after entry of this order.

The Court warned Plaintiff that failure to file a timely Second Amended Complaint may result in dismissal of the action. (Dkt. No. 109.)

Plaintiff failed to file a timely Second Amended Complaint or request an extension of time to do so.

Accordingly, IT IS ORDERED that this action is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's request that this order be transmitted to his email address is GRANTED. The Clerk is directed to email this order and the judgment to the email address specified in Plaintiff's request. (Dkt. No. 108.) Plaintiff's request that the court send "a copy of the entire action" to his email address is DENIED for failure to show good cause.

IT IS FURTHER ORDERED that Plaintiff's request for an order requiring ICE to return his legal documents is DENIED for the reasons stated in the Order dated March 23, 2022 (Dkt. No. 109). After briefing, the magistrate judge issued an order on June 12, 2020 denying Plaintiff's motion for an order to ICE based on

the Certificate of Disposal of Plaintiff's property at the Gadsden, Alabama facility dated April 21, 2020.[1] (Order, Dkt. No. 101 at 2-3; *see* Certificate of Disposal, Exh. 1 to Opp., Dkt. No. 100-1.) The legal deficiencies in Plaintiff's claims that are being dismissed do not depend on documentation and could not be cured by additional documentation.

Plaintiff is further advised that, if he wishes to submit documents for filing through an online portal, he should review the procedures for Electronic Document Submission System on the Central District of California website, www.cacd.uscourts.gov/edss

**IT IS SO ORDERED.**

DATED: June 27, 2022

_____
DEAN D. PREGERSON
United States District Judge

---

[1] The Report and Recommendation noted that Plaintiff's attorney in an Arizona action advised Plaintiff to pay for shipment of the documents at the Alabama facility by December 30, 2019 because ICE would not hold on to the documents much longer. (Report at 1; Exh. A to Motion, Dkt. No. 91 at 4; *see Marroquin v. Fernandez-Carr*, CV 16-1667 DGC (D. Az.).)